**The document below is hereby signed.**

**Dated: October 4, 2011.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
              UNITED STATES BANKRUPTCY COURT
                FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
J K FARMS, INC., d/b/a MS      )   Case No. 10-01182
FOOD SERVICE,                  )   (Chapter 11)
                               )
            Debtor.            )
_____)
                               )
RYECO, LLC, et al.,            )
                               )
            Plaintiffs,        )
                               )
       v.                      )
                               )   Adversary Proceeding No.
J K FARMS, INC., d/b/a MS      )   10-10056
FOOD SERVICE,                  )
                               )   Not for publication in
            Defendant.         )   West's Bankruptcy Reporter
```

MEMORANDUM DECISION RE DEBTOR'S LIMITED OBJECTION
TO PACA TRUST CLAIM OF UPTOWN PRODUCE CONNECTION, INC.

This addresses the Debtor's Limited Objection to PACA Trust Claim of Uptown Produce Connection, Inc. The debtor objected to the attorney's fees included in Uptown's claim. At a hearing on August 16, 2011, the court decided that a portion of the fees incurred in pursuing the debtor's principals were not recoverable from the PACA Trust. This memorializes and expands upon the court's oral decision at the hearing.

I

On November 29, 2010, the debtor commenced a case under chapter 11 of the Bankruptcy Case in this court.  On December 15, 2010, several of the debtor's produce suppliers commenced the above-captioned adversary proceeding seeking to enforce certain recovery rights provided to the suppliers under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a *et seq.*  On January 20, 2011, the court entered an order establishing procedures whereby all suppliers entitled to PACA protection could file claims to recover moneys owed from the PACA trust.  Pursuant to the terms of the PACA Trust Procedures Order, suppliers asserting PACA trust claims were required to intervene in the adversary proceeding and file a proof of claim by February 18, 2011.  Objections to claims were to be filed by March 18, 2011.

On April 15, 2011, Uptown Produce filed a proof of claim in the bankruptcy case underlying the PACA adversary proceeding and on May 13, 2011, filed a motion to intervene in the PACA adversary proceeding.  On June 27, 2011, I granted Uptown's motion to intervene and directed it to file a proof of claim in the PACA proceeding within 10 days of the entry of that order.  I gave parties in interest 10 days after the filing of the PACA proof of claim to file any objections.  Uptown thereafter filed its PACA proof of claim.

Uptown's PACA proof of claim is based on two shipments of produce to the debtor in December 2009 and January 2010 totaling $13,557.50.  On May 12, 2010, after the debtor failed to pay the invoices on the shipments, Uptown commenced a civil action in the District Court seeking to recover the amounts owed from the debtor and its principals.  In that civil action, Uptown asserted a breach of contract claim against the debtor, PACA claims against both the debtor and the debtor's principals, and a breach of fiduciary duty claim against the debtor's principals.  None of the defendants filed an answer in the civil action, and the Clerk of the District Court entered default against the parties on July 13, 2010.  On January 11, 2011, Uptown moved for default judgment against the debtor's principals,[1] and on May 18, 2011, the District Court entered judgment against them in the amount of $16,932.87, which included prejudgment interest and attorney's fees.

In its proof of claim, Uptown seeks to recover $31,640.47 from the PACA trust.  This amount consists of $707.71 in pre-judgment interest, and $16,563 in lead counsel fees, $11,540.12 in local counsel fees, $468.07 in costs, and $2,500 in estimated additional counsel fees.  On July 18, 2011, the debtor filed a limited objection to Uptown's PACA claimed, contending that

---

[1] The debtor's November 29, 2010, bankruptcy filing stayed the District Court action as to it.

Uptown's claimed attorney's fees were unreasonable. The debtor had paid Uptown the amount due on the invoices shortly after Uptown commenced its civil action in the District Court. In light of this, the debtor contends, Uptown's claimed attorney's fees of more than $30,000 are unreasonable. The debtor further objected to the fees on the basis that Uptown had failed to include billing records in support of the claim. Uptown included the billing records with its reply, mooting that objection.

II

Uptown Produce seeks to recover from the PACA trust attorney's fees incurred in connection with its District Court lawsuit against the debtor and the debtor's principals and in connection with the PACA adversary proceeding before this court. Uptown's claim presents two issues for the court: (1) whether Uptown is entitled to attorney's fees in the first instance and (2) if so, whether those attorney's fees are recoverable from PACA trust assets. I will address each issue in turn.

A

Under American law, attorneys' fees are not ordinarily recoverable in litigation. Two exceptions to this general rule, however, are when parties contractually provide for the right or when recovery is provided for by statute. At the hearing on the

debtor's objection to Uptown's PACA proof of claim, Uptown argued that its right to recover attorney's fees was provided by the PACA statute itself. The PACA statute, however, provides for no such right. *Middle Mountain Land & Produce Inc. v. Sound Commodities, Inc.*, 307 F.3d 1220, 1225 (9th Cir. 2002); *Golman-Hayden Co. v. Fresh Source Produce Inc.*, 217 F.3d 348, 352 (5th Cir. 2000) ("PACA does not provide for attorney's fees . . . ."). Accordingly, any claims for attorney's fees based on the PACA statute standing alone must fail.

   Although Uptown did not highlight the issue at the hearing on the debtor's objection, the invoices Uptown sent to the debtor in connection with its produce shipments provided a contractual right of recovery of both attorney's fees and interest on its claim. The bottom of each invoice provides that "In the event collection becomes necessary, buyer agrees to pay all cost of collection, including attorney's fees and costs. Finance Charges will accrue on any past due balance at the rate of 1.5% per month (18% annum)." The debtor's objection to Uptown's claim did not center on whether Uptown had any right to recover attorney's fees. Rather, the debtor's objection was whether, in light of the history of this case and the District Court civil action, the fees Uptown claims are reasonable. In this respect, the debtor raises several contentions.

   First, the debtor contends that local counsel fees on Keaton

5

& Associates' invoices do not jibe with the local counsel fees actually charged by Alston & Bird. At the hearing on the debtor's objection, the debtor highlighted a few of these discrepancies. On review of the billing records, however, the discrepancies are more extensive. They are as follows:

| Invoice Date | Amt. Billed by K&A | Amt. Billed by A&B | Difference |
|---|---:|---:|---:|
| 6/24/2010 | $2,195.11 | $1,908.79 | $286.32 |
| 7/21/2010 | $622.18 | $541.03 | $81.15 |
| 8/23/2010 | $1,031.19 | $896.69 | $134.50 |
| 11/23/2010 | $292.10 | $254.00 | $38.10 |
| 12/13/2010 | $219.45 | $190.83 | $28.62 |
| 1/21/2011 | $1,436.53 | $1,249.16 | $187.37 |
| 2/22/2011 | $1,282.35 | $1,115.09 | $167.26 |
| 4/20/2011 | $596.45 | $518.65[2] | $77.80 |
| 5/24/2011 | $1,399.93 | $1,217.33 | $182.60 |
| 6/14/2011 | $2,464.83 | $2,143.33 | $321.50 |
|  |  | **TOTAL** | **$1,510.22** |

Uptown argues that any discrepancy between local counsel's billing records and Keaton's billing records are the result of the two firm's billing cycles not perfectly coninciding. Upon a more detailed review of the records, however, the discrepancy between the two amounts is a result of a uniform 15% markup on the part of Keaton & Associates to its client on local counsel fees from Alston & Bird. The threshold issue, then, is whether

---

[2] This amount includes invoices from Alston & Bird for March and April 2011.

6

this markup is recoverable as a matter of contract law under the terms of the attorney's fee provision in the Uptown invoices.

Though the Uptown fee provision is not limited to "reasonable attorney's fees," under District of Columbia[3] law, courts are nevertheless to evaluate any contractual fee shifting provision for reasonableness. *See Central Fidelity Bank v. McLellan,* 563 A.2d 358, 360 (D.C. 1989) ("Where a contractual agreement expressly provides for the payment of attorney's fees, the trial court's discretion is limited to ascertaining what amount constitutes a 'reasonable' fee award."). Although some markup of the local counsel fees might have been appropriate as an administration cost incurred by Keaton & Associates, Uptown presented no evidence showing that the 15% markup was reasonable. Having failed to make such a showing, the amount by which the fees differ is appropriately disallowed.

The debtor next contends that the fees Uptown incurred in trying to recover amounts owed by the debtor from the debtor's principals should not be recoverable against the debtor. Under District of Columbia law, fee shifting provisions in contracts are read narrowly, only encompassing the specific subject matter

---

[3] The parties have not briefed the issue of whether District of Columbia or Illinois law applies to the contract. Under District of Columbia choice of law jurisprudence, however, it appears that District of Columbia law governs. *See Adoplh Coors Co. v. Truck Ins. Exchange*, 960 A.2d 617, 620 (D.C. 2008) (employing the "governmental interest" analysis put forth by the Restatement (Second) of Conflict of Laws).

to which the provision applies. *See Estate of Raleigh*, 947 A.2d 464, 474-75 (D.C. 2008) (denying recovery of attorney's fees creditor incurred in defending quiet title action by guarantors where fee provision was limited solely to "in the event [a] note [was] placed in the hands of an attorney for collection . . . ."); *Pellerin v. 1915 16th Street, N.W. Coop. Ass'n, Inc.*, 900 A.2d 26, 33 (D.C. 1996) (denying recovery of attorney's fees incurred by cooperative association in defending action brought by cooperative member where fee shifting provision in housing cooperative agreement was limited to actions based upon default by a cooperative member under the agreement); *Oliver T. Carr Co. v. United Tech Commc'n Co.*, 604 A.2d 881, 884 (D.C. 1992) (denying recovery of attorney's fees to seller in defending buyer's breach of contract and warranty action where fee shifting provision was limited to fees associate with the collection of amounts due from the sale of goods).

The attorney's fee provision in the Uptown invoices provides for the recovery of "all costs of collection." While broad, that provision must be read in light of the document to which it pertains: a sales invoice between the debtor and Uptown. Although a fair reading of the provision would entitle Uptown to recover fees incurred in both its breach of contract and PACA actions against the debtor in the district court, it is too broad a reading of that provision to find that it encompasses actions

8

against the principals of the debtor.

As previously noted, Uptown's complaint in the district court sought recovery from the debtor under a breach of contract theory, the debtor and its principals under PACA, and just the principals under a breach of fiduciary duty theory.  To expand the reading of the attorney's fee clause in the invoices to encompass independent statutory and common law actions against third parties stretches the provision too far.  Rather, for actions against third parties, one would expect to see an indemnity clause.  Thus, Uptown is only entitled to those fees which relate to counts asserted against the debtor.  This, by definition, does not include actions that relate only to the debtor's principals--e.g., motions for default judgment as to those parties--and results in the following disallowances:

| Date Billed | Amt. Disallowed | Date Billed | Amt. Disallowed |
| --- | --- | --- | --- |
| 5/27/10 | $45.00 | 12/9/10 | $67.50 |
| 6/8/10 | $22.50 | 12/14/10 | $270.00 |
| 6/10/10 | $45.00 | 12/9/10 | $97.50 |
| 7/6/10 | $45.00 | 12/14/10 | $195.00 |
| 7/12/10 | $135.00 | 12/20/10 | $65.00 |
| 7/13/10 | $22.50 | 1/4/11 | $188.00 |
| 9/20/10 | $112.50 | 1/5/11 | $211.50 |
| 9/22/10 | $22.50 | 1/7/11 | $282.00 |
| 10/12/10 | $67.50 | 1/10/11 | $305.50 |
| 10/14/10 | $22.50 | 1/11/11 | $70.50 |

| 10/28/10 | $22.50 | 1/6/11 | $146.00 |
| 11/22/10 | $45.00 | 5/12/11 | $401.50 |
|  |  | **TOTAL** | **$2,907.50** |

Under the same rationale, local counsel fees should likewise be disallowed to the following extent:

| Date Billed | Amt. Disallowed | Date Billed | Amt. Disallowed |
| --- | --- | --- | --- |
| 6/15/10 | $270.00 | 11/22/10 | $121.50 |
| 7/7/10 | $121.50 | 12/9/10 | $121.50 |
| 7/12/10 | $202.50 | 12/14/10 | $121.50 |
| 7/13/10 | $81.00 | 12/15/10 | $287.50 |
| 9/20/10 | $81.00 | 12/15/10 | $243.00 |
| 9/22/10 | $81.00 | 1/10/11 | $235.00 |
| 9/23/10 | $92.00 | 1/11/11 | $376.00 |
| 11/8/10 | $69.00 | 5/18/11 | $94.00 |
|  |  | **TOTAL** | **$2,598.00** |

With respect to remaining time entries, if the fees for that time entry (or a discrete part of the time entry) related solely to the debtor, that time is allowed as part of Uptown's claim. If the time related to claims asserted against both the debtor and its principals, the fees should be divided pro rata, 50% to the debtor and 50% to the principals: Uptown has not shown that the same amount of time would have been incurred had only the debtor been sued.

Unfortunately, Uptown's billing records generally do not divide the time spent on the District Court action by count, so I

10

will proceed under the assumption that when a time entry does not identify the count or counts as to which the time was spent, or does not otherwise identify the entities as to which the time was incurred, that each count accounted for 25% of the total time. Thus, for any time entry deemed to be applicable to all the counts in the District Court action, Uptown would be entitled to recover only one-half of the fees from the debtor.  This results from assuming that the time entry is allocable:

- 25% to the breach of contract count asserted solely against the debtor (with that 25% of the time entry being fully recoverable by Uptown);
- 50% to the two PACA counts which were asserted jointly against the debtor and its principals (with one-half of that 50% recoverable by Uptown, which comes to 25% of the time entry being recoverable by Uptown); and
- 25% to the count asserted only against the principals (with none of that 25% being recoverable by Uptown).[4]

This results in the following disallowances:

---

[4] There is no time entry that can be identified as related only to the count asserted solely against the debtor and the two counts asserted against the debtor and the principals.  If there were such a time entry, I would allocate one-third of the time to each count, with Uptown thus entitled to recover the sum of 100% of the one-third of the time entry's time that is allocable to the one count asserted solely against it plus 50% of the two-thirds that is allocable to the other two counts asserted against it and the principals jointly.

| Date Billed | Amt. Disallowed | Date Billed | Amt. Disallowed |
|---:|---:|---:|---:|
| 3/10/10 | $585.00[5] | 6/24/10 | $32.50 |
| 3/11/10 | $236.25 | 6/30/10 | $2.32 |
| 3/15/10 | $33.75 | 7/14/10 | $32.50 |
| 3/23/10 | $11.25 | 7/22/10 | $32.50 |
| 3/11/10 | $146.25 | 7/5/10 | $101.25 |
| 3/12/10 | $97.50 | 7/6/10 | $78.75 |
| 3/17/10 | $32.50 | 7/14/10 | $90.00 |
| 3/31/10 | $13.76*[6] | 7/19/10 | $11.25 |
| 4/9/10 | $33.75 | 7/21/10 | $22.50 |
| 4/15/10 | $56.25 | 7/31/10 | $4.74* |
| 4/9/10 | $130.00 | 8/10/10 | $22.50 |
| 4/28/10 | $67.50 | 8/31/10 | $1.11* |
| 4/30/10 | $180.00 | 9/20/10 | $22.50 |
| 4/16/10 | $32.50 | 9/21/10 | $32.50 |
| 4/30/10 | $13.87* | 9/30/10 | $3.67 |
| 5/6/10 | $101.25 | 10/12/10 | $22.50 |
| 5/7/10 | $22.50 | 10/11/10 | $32.50 |
| 5/10/10 | $101.25 | 10/31/10 | $6.75* |

---

[5] Some of these amounts relate for a TRO application Uptown's counsel was preparing but never filed. Uptown presented no evidence with respect to whether this TRO would only apply to the debtor or would also apply to the debtor's principals. Accordingly, I apply the same reduction formula to the TRO entries.

[6] Costs are noted with an asterisk (*). For months in which counsel worked on both the District Court civil action and the case against the debtor in this court, half of the fees are disallowed.

12

| 5/12/10 | $22.50 | 11/19/10 | $65.00 |
| --- | ---: | --- | ---: |
| 5/13/10 | $11.25 | 11/22/10 | $11.25 |
| 5/14/10 | $11.25 | 11/22/10 | $32.50 |
| 5/6/10 | $227.50 | 11/30/10 | $7.62* |
| 5/19/10 | $33.75 | 12/9/10 | $22.50 |
| 5/14/10 | $32.50 | 12/13/10 | $32.50 |
| 5/27/10 | $11.53* | 12/31/10 | $10.32* |
| 6/4/10 | $56.25 | 1/13/10 | $23.50 |
| 6/7/10 | $11.25 | 1/4/11 | $146.00 |
| 6/11/10 | $22.50 | 1/25/11 | $36.50 |
| 6/21/10 | $22.50 | 1/31/11 | $14.09* |
|  |  | **TOTAL** | **$3,312.03** |

Likewise, this results in the following disallowances of local counsel fees:

| Date Billed | Amt. Disallowed | Date Billed | Amt. Disallowed |
| --- | ---: | --- | ---: |
| 5/7/10 | $222.75 | 5/24/10 | $40.50 |
| 5/10/10 | $60.75 | 6/3/10 | $177.15* |
| 5/11/10 | $101.25 | 6/7/10 | $60.75 |
| 5/12/10 | $101.25 | 7/9/10 | $22.27* |
| 5/12/10 | $115.00 | 7/6/10 | $141.75 |
| 5/14/10 | $101.25 | 7/14/10 | $60.75 |
| 5/17/10 | $34.50 | 7/16/10 | $40.50 |
|  |  | **TOTAL** | **$1,280.42** |

Finally, the debtor made a general objection to the reasonableness of the fees in toto. The debtor contended that in light of the debtor having paid off the principal amount of the

13

invoice shortly after Uptown commenced the District Court civil action, any fees after that time should have been minimal. Upon review of billing records and in light of the foregoing disallowances, I do not find the fees Uptown incurred unreasonable. Although the debtor paid off the principal balance shortly after Uptown commenced the District Court action, prior to that point Uptown had incurred approximately $7,500 in legal expenses. To the extent those expenses were related to collection efforts against the debtor, Uptown was entitled to continue prosecuting the District Court action and file a claim before this court to recover those fees. I do not find the amount of time Uptown spent on this unwarranted and, thus, overrule the debtor's objection in this respect.

All told, then, the foregoing results in a total disallowance of $11,608.17, reducing Uptown's claim to $20,170.73, which consists of $19,463.02 in attorney's fees and $707.71 in pre-payment interest (to which the debtor has not objected).[7]

B

Having determined the extent to which the uptown is entitled to recover attorney's fees as a matter of contract law, the next

---

[7] The claim refers to the pre-payment interest as pre-judgment interest, but the calculation of interest was to the date of the debtor's payment. Uptown does not seek interest on attorney's fees.

issue is the extent to which Uptown is entitled to recover those amounts from PACA trust funds.

Although, as previously stated, the PACA statute does not in itself provide for a right to recover attorney's fees, it does permit the recovery of attorney's fees from trust assets when the claimant has an independent right of recovery. The PACA statute provides that in transactions concerning perishable agricultural products, the product or their proceeds are to "be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing *in connection with such transactions* has been received by such unpaid suppliers, sellers or agents." 7 U.S.C. § 499e(c)(2) (emphasis added). Courts interpreting this provision have found that the phrase "in connection with such transactions" permits a commodities supplier to recover "attorneys fees and interest that buyers and sellers have bargained for in their contract." *Country Best v. Christopher Ranch, LLC*, 361 F.3d 629, 632 (11th Cir. 2004); *see also Middle Mountain Land & Produce v. Sound Commodities, Inc.*, 307 F.3d 1220, 1223 (9th Cir. 2002) ("A fair reading of the statue brings contractually due attorneys' fees and interest within the scope of the statute's protection of 'full payment owing in connection with the [perishable agricultural commodities] transaction.'"). Importantly, as the

15

Ninth Circuit observed in *Middle Mountain Land*, it is immaterial that other PACA creditors might not have any independent right to recover attorney's fees and, thus, could not seek reimbursement of those claims from PACA trust assets:

> The inequities of including contractual rights to attorneys' fees and interest in a PACA claim is minimal since a PACA claimant can include terms in its contracts with a buyer that allow for collection of expenses arising from a perishable agricultural transaction. . . .
> . . . If one particular supplier . . . gained a contractual right greater than that negotiated by others, then it is not unfair for such a supplier to gain the benefit of is superior foresight or industry.

*Middle Mountain Land*, 307 F.3d at 1224. This is the case even when the PACA trust assets are insufficient to pay all claims in full.[8]

As previously stated, the debtor has not contested that Uptown has a contractual right to reimbursement of its attorney's fees and expenses. Having bargained for this right, Uptown is entitled to a claim against the PACA trust assets.

---

[8] The PACA statute conferred a trust claim on Uptown, not a secured claim. The PACA statute does not impose a requirement like the requirement of 11 U.S.C. § 506(b) that a secured creditor's claim must be over-secured before it is entitled to recover attorney's fees as part of the allowed secured claim. Accordingly, a court should allow attorneys fees owed under non-PACA law as part of a PACA trust claim even if the PACA trust is inadequate to pay all trust claims in full. *See Middle Mountain Land and Produce Inc. v. Sound Commodities Inc.*, 307 F.3d 1220, 1225 (9th Cir. 2002). *But see Nobles-Collier, Inc. v. Hunts Point Tomato Co., Inc.*, 2004 WL 102756, at * 2 (S.D.N.Y. Jan. 22, 2004); *Fishgold v. OnBank & Trust Co.*, 43 F. Supp. 2d 346, 350-51 (W.D.N.Y. 1999).

16

III

For the foregoing reasons, I will sustain the debtor's objection to Uptown's PACA claim to the extent Uptown's claim seeks reimbursement from the PACA trust for markups of local counsel fees and for fees sought in connection with actions against the debtor's principals.  The debtor's other objections are overruled.

A separate order follows.

[Signed and dated above.]

Copies to: All counsel of record.